IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TYLER LOVELL,<br><br>　　　Plaintiffs<br><br>vs.<br><br>**BOARD OF EDUCATION FOR KANKAKEE SCHOOL DISTRICT # 111 and SHEMEKA FOUNTAIN in her official and individual capacity**<br><br>　　　Defendants | Case No.: |

## COMPLAINT

Now comes the plaintiff, by and through his attorney, Steven E. Glink, and complaining against the defendants, state as follows.

## NATURE OF THE CASE

This case is brought pursuant to 42 USC 1983 for violation of plaintiff's First Amendment rights, specifically, retaliation for complaining that he did not receive reasonable accommodations under the American's with Disabilities Act.

This case also alleges that the defendant willfully violated plaintiff's constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution by unilaterally denying him the use of his lone accrued and unused sick day, thereby denying him his right to apply for disability payments by the Teachers Retirement System (TRS).

There is also a pendant state claim for constructive discharge.

## JURISDICTION

1. This action is brought pursuant to the 42 USC 1983 as well as the Fifth and Fourteenth Amendments to the Federal Constitution, thereby raising questions of federal law.

2. Jurisdiction is proper pursuant to 28 USC 1331

3. Venue is proper pursuant to 28 USC 1392.

4. The defendants' principal place of business is located in Kankakee, Illinois.

5. All material acts related to this incident occurred in Kankakee County Illinois.

## THE PARTIES

6. Plaintiff is a citizen of the United States and currently a resident of Momence, Illinois.

7. Kankakee School District # 111 ("the district") is a local public entity organized and operated pursuant to Illinois law.

8. The Board of Education (BOE) is a group of citizens elected by the general public to make a variety of decisions concerning the operation of the district.

9. The BOE has all express or implied powers granted to them by Illinois law.

10. Shemeka Fountain is employed by the BOE as Director of Human Relations and as such, acted under color of law at all times. She is sued in her individual and official capacities.

## FACTUAL ALLEGATIONS

11. At all times relevant to this complaint, plaintiff Tyler Lovell was employed as a tenured elementary school teacher by the BOE.

12. At all times relevant to this complaint and while he was employed by the BOE, plaintiff was diagnosed with various impairments, including but not limited to Type 1 diabetes and anxiety specifically due to the use of insulin and fear of hypoglycemic episodes.

13. Defendants had actual knowledge of plaintiff's impairments as they had previously approved his application for a leave of absence pursuant to the FMLA.

14. Over the last year, plaintiff had been attempting to engage in the ADA's interactive process with defendant Fountain. Prior to 6/13/23. Plaintiff told Fountain that he was dissatisfied with her/the employer's response to his request for reasonable accommodations.

15. On 6/13/23, Fountain informed plaintiff that his teaching assignment was being changed from a tenured teacher at the Middle School to a "para-professional type position" at the High School. The para-professional type position to which plaintiff was demoted is responsible for managing the behaviors of students in the classroom. The para professional type position does NOT deliver any classroom instruction.

16. Fountain told plaintiff that the HS principal would "reach out" to him about reporting for duty; about the requirements of the para-professional position and about accommodations for that job. The Principal never contacted plaintiff.

17. On 8/17/23, plaintiff asked Fountain for permission to "exhaust" his last remaining accrued but unused sick day so he could apply for TRS disability status. Plaintiff informed Fountain that TRS will not process his disability application until all of his accrued sick days have been used.

18. Plaintiff was dissatisfied with Fountain's response to his request for accommodations so he filed a discrimination charge with the EEOC on 8/18/23.
19. Plaintiff has an interview scheduled with the EEOC on 12/15/23 to "perfect" his charge.
20. Fountain refused to let plaintiff exhaust his last remaining sick day and continues her refusal to do so.
21. Prior to the filing of this lawsuit, plaintiff's counsel has raised this issue with the BOE's attorney Sally Scott several times by email asking her to confer with her clients and resolve that issue. To date, no attempt to resolve the issue has been made by either named defendant.
22. Fountain and / or the BOE have stopped paying Plaintiff's salary as of the start of the 23-24 school year without any explanation.
23. Defendants have not informed plaintiff that he has been disciplined in any way; that he has been suspended without pay or that he is under any type of misconduct investigation by the school district.
24. At this point, plaintiff has no teaching assignment with any proper and/or agreed on accommodations via the interactive process; no salary and no direct health insurance coverage.

## COUNT I VIOLATION OF CIVIL RIGHTS

25. Plaintiff realleges his allegations in paragraphs 1-24 and incorporate them by reference into this count.

26. Plaintiff had a legal right to engage in protected activities (e.g. file a charge of discrimination with the EEOC and other wise complaint to the defendants that they failed to accommodate his disabilities.

27. The law prohibits the government and governmental employees from retaliating against employees who engage in protected activities.

28. Defendants' actions in preventing plaintiff from applying for TRS disability status and stopping his pay and insurance coverage were taken in retaliation for plaintiff filing an EEOC charge and for otherwise complaining to Fountain about her failure to accommodate plaintiff's disabilities.

29. Defendants' actions violated plaintiff's rights under the First, Fifth and Fourteenth Amendments to the Constitution because:

    a) They were designed to punish plaintiff for speaking out and to discourage him from doing do in the future in violation of the First Amendment;

    b) On information and belief, defendants have not denied other non-disabled and non-complaining employees the use of their accrued unused sick days. Nor have defendants prevented non-complaining employees from applying for TRS disability status;

    c) Plaintiff received no procedural due process  (e.g., no notice-no opportunity to be heard), prior to the time that defendants stopped his salary and benefits;

    d) The BOE had actual knowledge of all of these facts and failed to enforce its own anti-discrimination policies.

30. Defendants' retaliatory actions were taken under color of law.

31. Plaintiff has sustained financial and emotional injuries as a result of defendants' actions.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter judgment against all defendants, jointly and severally and award him damages in excess of $75,000.00 for lost wages, back pay, lost benefits (e.g. health insurance, sick days and vacation days) and emotional distress plus costs and reasonable attorney's fees.

**COUNT II-CONSTRUCTIVE DISCHARGE-CONSITUTIONAL VIOLATION**

32. Plaintiff realleges his allegations contained in paragraphs 1-31 as his allegations for this count and hereby incorporates them by reference.

33. As a tenured teacher, plaintiff had an established property right to continued employment in KSD # 111.

34. Under Illinois law, 105 ILCS 5/ 24-12 et seq, defendants had a legal obligation to follow the statutory procedures to dismiss a tenured teacher.

35. Similarly, under those same statutes, plaintiff had a legal right to a tenured teacher dismissal hearing which included the service of charges/bill of particulars legally approved by the BOE; right to counsel; right to confront and cross-examine adverse witnesses called by the BOE; right to present his own witnesses and documents and the right to present his response to all charges against him.

36. Defendants' actions taken under color of law have denied and deprived plaintiff of all of the above-mentioned rights as defendant BOE has never approved any dismissal charges against the plaintiff. Nor has the defendant BOE served plaintiff with any dismissal charges as required by law. Without the BOE approving and serving dismissal charges, per the applicable state statutes, plaintiff has no legal standing to

request a dismissal hearing from the BOE and/or the Illinois State Board of Education.

37. The above described actions by the defendant BOE, taken under color of law, have denied plaintiff of his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the federal Constitution.

Wherefore, plaintiff prays that this Honorable Court enter judgment against the defendant BOE in an amount in excess of $75,000.00 plus costs and reasonable attorney's fees.

### COUNT III-CONSTRUCTIVE DISCHARGE-STATE LAW CLAIM

38. Plaintiff realleges his allegations in paragraphs 1-37 above as his allegations for this count and incorporates them by reference.

39. The above described actions by both defendants constitute a constructive discharge of plaintiff from his tenured teaching position.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter judgement against both defendants, jointly and severally in an amount in excess of $75,000.00 plus costs.

Plaintiff further pray that this Honorable Court enter any other order upon the defendants as it deems appropriate.

Respectfully Submitted,

By: s/STEVEN E. GLINK

STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFF
ARDC # 6180869
PO Box 1053
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/302-4529 (Cell)
Email: steve@educationrights.com